**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JEAN ROGER DANIEL,
    Plaintiff,

vs.                                          Case No. 3:08cv164/MCR/MD

JAMES MCDONOUGH, et al.,
    Defendants.

---

**O R D E R**

    The initial partial filing fee has been paid, and this cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983. (Doc. 1). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

    Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution. Plaintiff claims his constitutional rights were violated on December 27, 2007 when he was gassed "for no reason," which plaintiff believes was in retaliation for writing grievances. Plaintiff further alleges that on January 3, 2008, Officer Plowman destroyed his grievances and family photographs. As relief, plaintiff seeks money damages and to have all defendants fired.

    As an initial matter, plaintiff must clarify the defendants in this action. In the style of the case on the first page of the complaint form plaintiff names eleven defendants.[1] However, in the "Defendants" section of the complaint form on page two, plaintiff identifies

---

[1] The individuals are James McDonough, Warden Ellis, Assistant Warden Davis, Lt. Kirkland, Sgt. Thornton, Officer Plowman, Officer Shield, Sgt. Rathbone, Officer Hancock, Officer Counts and Inspector Paul Decker.

only three individuals.[2] Additionally, four of the individuals listed as defendants on page one are mentioned no where in the body of the complaint.[3] Plaintiff is advised that the defendants listed in the style of the case must conform to those listed in the "Defendants" section of the complaint form. In determining the proper defendants, plaintiff should name only those persons who are responsible for the alleged constitutional violations. In the "Statement of Facts" section, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.

It further appears that plaintiff may be seeking to hold one or more of the defendants liable on account of their roles as supervisors of those who engaged in the alleged unconstitutional conduct. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). (internal quotation marks and citation omitted); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability). Instead, supervisory liability under § 1983 occurs "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. The necessary causal connection can be established when (1) a "history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's "custom or policy result[s] in deliberate indifference to constitutional rights;" or (3) facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone, supra,* (internal quotation marks and citations omitted). Prison officials who were not involved in the alleged constitutional violation, and

---

[2]The three individuals are Lt. Kirkland, Sgt. Thornton and Officer Plowman.

[3]Secretary McDonough, Assistant Warden Davis, Inspector Decker and Officer Counts are mentioned no where in the body of plaintiff's complaint.

*Case No: 3:08cv164/MCR/MD*

whose only roles involved the failure to act may not be liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct. *Shehee v. Luttrell* 199 F.3d 295, *300 (6th Cir. 1999). This is because liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998). In the instant case, plaintiff has not alleged a sufficient causal connection between Secretary McDonough and any constitutional deprivation suffered. The same is true of Warden Ellis and Assistant Warden Davis. If plaintiff cannot establish that the actions of these defendants somehow caused the use of the chemical agent or the destruction of plaintiff's property, he should remove them as defendants from his amended complaint.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff shall file the amended complaint with an original signature and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are

necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number shall be written on the form.

2.  Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

3.  Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 5th day of September, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**