**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JEAN ROGER DANIEL,
    Plaintiff,

vs.                                    Case No. 3:08cv164/MCR/MD

JAMES MCDONOUGH, et al.,
    Defendants.

---

**O R D E R**

    The cause is before the court upon plaintiff's motion for appointment of counsel. (Doc. 17). Plaintiff has also filed a motion requesting that the court send him a copy of his complaint. (Doc. 19).

    "Prisoners raising civil rights claims . . . have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261-62 (5th Cir. 1986) ("There is no automatic right to the appointment of counsel in a section 1983 case."). A district court has discretionary authority, under 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent litigants in civil cases. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo*, 983 F.2d at 193 (quotations and citation omitted) (brackets in original); *see also Holt v. Ford,* 862 F.2d (11th Cir. 1989); *Jackson, supra*. An additional consideration is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983

F.2d at 193.[1]  Upon reviewing the pleadings in this action, the court finds that there are no exceptional circumstances to merit the appointment of counsel.  The legal issues in this case have been settled in previous cases, and the facts do not appear to be complex.  Moreover, the pleadings filed thus far by plaintiff suggest that he has an ability to communicate his allegations and litigate his case as well as that of the average *pro se* litigant.  If in the future it appears otherwise, plaintiff can then raise the issue for further consideration.

As for plaintiff's copying request, as the court advised plaintiff previously, (doc. 14), the court cannot make copies for plaintiff, unless he submits payment in the amount of $.50 per page, prepaid, to the clerk of this court.  The cost of copying plaintiff's 11-page complaint is $5.50.  The cost of copying the 76 pages of exhibits attached to the complaint is $38.00.

Accordingly, it is ORDERED:

1.  Plaintiff's motion for appointment of counsel (doc. 17) is DENIED without prejudice.

2.  Plaintiff's motion to provide him with a copy of his complaint (doc. 19) is DENIED.

DONE AND ORDERED this 16th day of September, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] As the Fifth Circuit summarized in *Jackson v. Dallas Police Dep't, supra*:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individual bringing it." *Id*. at 266 (footnote omitted).

*Jackson,* 811 F.2d at 261-62.

Case No: 3:08cv164/MCR/MD