IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEAN ROGER DANIEL,
    Plaintiff,

vs.                                         Case No.: 3:08cv164/MCR/MD

JAMES MCDONOUGH, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

    This cause is before the court upon plaintiff's amended civil rights complaint (doc. 23) filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* (doc. 8), and has paid the initial partial filing fee (doc. 11). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are

"clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a state inmate currently incarcerated at Santa Rosa Correctional Institution. His amended complaint names six defendants: James McDonough, Warden Ellis, Assistant Warden G. Davis, Officer Plowman, Lieutenant Kirkland and Sergeant Thornton. Plaintiff claims defendant Plowman violated his rights under the Eighth and Fourteenth Amendments when he took and/or destroyed plaintiff's personal property (two family photographs and a radio with headphones), and then harassed plaintiff about his loss. As relief, plaintiff seeks monetary damages for the loss of his property, and asks that defendants Kirkland, Plowman and Thornton be fired "because they make me suffer real bad, took my family picture broke my radio with headphone. . . ." (*Id.*, p. 7).[1] Plaintiff further states his desire to be removed

---

[1] The amended complaint does not mention McDonough, Ellis or Davis outside of the caption.

Case No: 3:08cv164/MCR/MD

from his present dormitory "away from Lieutenant Kirkland and Officer Plowman, Sergeant Thornton because I am in fear for my life." (*Id.*, pp. 5-6).

Taking plaintiff's allegations in the light most favorable to him, his complaint fails to state a Fourteenth Amendment claim that is plausible on its face. Deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for plaintiff to seek redress for the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct 1908, 1912, 68 L. Ed.2d 420 (1984); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).[2] Since Florida Statutes section 768.28 (2008) provides a remedy for the deprivation of plaintiff's property caused by negligent or wrongful acts or omissions of state employees, plaintiff cannot maintain a § 1983 action based on the alleged deprivation.

Plaintiff's amended complaint further fails to state an Eighth Amendment claim. The deprivation of personal property does not meet the standard for an Eighth Amendment violation. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Id.* at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 9 (quotations and citations omitted). Plaintiff does not claim that he was deprived of life's necessities, but

---

[2]This is equally true whether the deprivation was the result of an intentional or a negligent act. *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

merely personal property. The destruction of his personal property, while seemingly unprofessional and meanspirited, does not rise to the level of an Eighth Amendment violation.

Likewise, defendant Plowman's alleged harassment or verbal abuse does not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); *Hernandez v. Florida Dep't of Corrections*, 281 Fed. Appx. 862, 866 (11th Cir. June 9, 2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"); *see also Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that dismissal of Eighth Amendment claim was proper where inmate alleged only that the "disrespectful and assaultive comments" denied him "peace of mind"); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that prisoner's allegations that prison staff harassed him generally did not state a constitutional violation); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable § 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under § 1983); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse does not violate the Eighth Amendment); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (holding that threatening language and gestures of a corrections officer do not generally violate an inmate's Eighth Amendment rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *Crenshaw v. City of Defuniak Springs*, 891 F.Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); *Munera v. Metro West Detention Ctr.*, 351 F.Supp.2d

1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."). Thus, plaintiff's Eighth Amendment claims are due to be dismissed.

As a final matter, it is noted that plaintiff's amended complaint leaves some ambiguity as to whether he intended to plead a First Amendment retaliation claim with respect to the destruction of his property. Assuming he did, his allegations fail to state a retaliation claim that is plausible on its face. In order to state a claim of retaliation under the First Amendment, plaintiff must establish three elements, one of which is a causal connection between his protected speech and the harm of which he complains. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008); *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *Farrow v. West*, 320 F.3d 1235, 1248-49 (11th Cir. 2003). The causal connection inquiry asks whether the defendant was subjectively motivated to carry out the harmful conduct because plaintiff engaged in the protected activity. *Smith v. Mosley*, 532 F.3d at 1278. In the instant case, plaintiff's sole allegation in support of the causation element is as follows: "This is all happened because my right been violated at Santa Rosa C.I. and I wrote grievance on officer in this dorm. . . ." (Doc. 23, p. 5) (grammatical errors in original). But even accepting as fact that plaintiff wrote a grievance against an officer in his dorm, plaintiff's allegations fail to suggest that Plowman was so much as aware of it, much less motivated by it. Plaintiff offers no specific factual basis for his conclusion that the grievance is what motivated Plowman to destroy his property. Therefore, to the extent plaintiff intended to plead a retaliation claim against Plowman, that claim is due to be dismissed. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."); *see also Jackson v. Bellsouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their

claims."); *Id.*, at 1262 ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (internal quotation marks omitted).

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 6th day of November, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**